IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEALTHBANC INTERNATIONAL, LLC and BERNARD FELDMAN,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>SYNERGY WORLDWIDE, INC.; NATURE'S SUNSHINE PRODUCTS, INCORPORATED; and DAN NORMAN;<br><br>Defendants and Counterclaim Plaintiffs. | MEMORANDUM DECISION AND ORDER GRANTING COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM<br><br>Case No. 2:16-cv-00135-JNP-PMW<br><br>District Judge Jill N. Parrish |

Before the court is a motion to dismiss brought by counterclaim defendant HealthBanc International, LLC against counterclaim plaintiff Synergy Worldwide, Inc. (Docket 31). HealthBanc argues that Synergy failed to plead its third cause of action for fraudulent inducement with particularity. HealthBanc further asserts that this cause of action is barred by the economic loss doctrine. The court agrees that Synergy did not plead this cause of action with particularity and dismisses it without prejudice.

## BACKGROUND

HealthBanc created a recipe for a powder comprised of various grasses and other components called "the greens formula." The greens formula can be combined with water to create a nutritional supplement.

HealthBanc entered into a royalty contract with Synergy, a multi-level marketing company. The contract gave Synergy the exclusive right to distribute the greens formula in

exchange for an agreement to pay HealthBanc a fixed sum of money for each bottle of the greens formula Synergy sold.

About nine years after entering into the contract, HealthBanc sued Synergy. Synergy filed a counterclaim against HealthBanc, alleging, among other things, that HealthBanc fraudulently induced Synergy into entering into the royalty contract by falsely representing that HealthBanc owned intellectual property rights to the greens formula.

HealthBanc moved to dismiss Synergy's fraudulent inducement cause of action. First, HealthBanc argues that Synergy failed to plead this cause of action with particularity as required by rule 9(b) of the Federal Rules of Civil Procedure. Second, HealthBanc contends that the economic loss doctrine bars this cause of action.

## APPLICABLE LAW

A federal court exercising either diversity jurisdiction or supplemental jurisdiction "applies the substantive law, including choice of law rules, of the forum state." *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) (citation omitted). Utah applies "the 'most significant relationship' approach as described in the Restatement (Second) of Conflict of Laws in determining which state's laws should apply to a given circumstance." *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1059 (Utah 2002).

Neither HealthBanc nor Synergy engaged in a Utah choice of law analysis to determine which jurisdiction's substantive law governs Synergy's fraud in the inducement cause of action. Instead, both parties have assumed that Utah law governs this tort claim and have exclusively cited Utah's substantive law. Absent any indication to the contrary in the facts alleged in Synergy's counterclaim, this court also applies Utah's substantive law. But this court applies federal law when determining whether dismissal of a cause of action is appropriate under rule

9(b) or rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1076 (10th Cir. 2007) ("[W]e are governed by federal law in determining the propriety of the district court's grant of summary judgment [under rule 56(c).").

## ANALYSIS

I.   **The Particularity Requirement.**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (citation omitted). In other words, "a complaint alleging fraud [must] 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Synergy's fraudulent inducement cause of action is principally based upon the following allegations:

> HealthBanc made numerous false statements of material fact, with the intent of inducing Synergy into entering into the Agreement. Specifically, in negotiations leading up to the Agreement and in the Agreement itself, HealthBanc misrepresented that it owned intellectual property rights in the Specified Greens Formula. Further, in negotiations leading up to the Agreement and in the Agreement itself, HealthBanc misrepresented that it had the exclusive right to use, assign or sell the Specified Greens Formula. These representations were false as HealthBanc owned no intellectual property rights in the Specified Greens Formula and did not possess the exclusive right to use, assign, or sell the Specified Greens Formula.

[Docket 25, ¶ 52]. Synergy asserts two broad categories of fraudulent communications: (1) misrepresentations made during negotiations prior to signing the contract and (2) misrepresentations made in the signed contract itself. The court addresses each of these categories in turn. Finally, the court will address HealthBanc's argument that Synergy failed to plead damages with particularity.

        A.        Allegations of misrepresentations during contract negotiations.

Synergy alleges in general terms that HealthBanc "misrepresented that it owned intellectual property rights" to the greens formula and "had the exclusive right to use, assign or sell" it during negotiations leading up to the signing of the contract. These general allegations do not meet the particularity requirement of rule 9(b).

The Tenth Circuit has held that a general allegation that "misrepresentations were made 'during 1982 and continuing to the present time'" did not comply with rule 9(b) because the allegation did not provide a "sufficiently precise timeframe," "the place at which any misrepresentations were made," or "identify any specific Defendant who made these alleged fraudulent misrepresentations." *Koch*, 203 F.3d at 1237. Additionally, this court has concluded that an allegation that false representations were made "during the course of negotiating [a contract]" was insufficient because it "failed to indicate the time of the misrepresentations, where the misrepresentations were made and the identity of the person making such representations." *Associated Diving & Marine Contractors, L.C. v. Granite Const. Co.*, No. 2:01CV330 DB, 2003 WL 25424908, at *8 (D. Utah July 11, 2003).

Similarly, Synergy's counterclaim does not identify when or where the alleged misrepresentations were made, whether the misrepresentations were written or verbal in nature, or who made the misrepresentations. Nor does the counterclaim provide a specific account of the

"contents of the false representation." *Koch*, 203 F.3d at 1236 (citation omitted). Thus, Synergy's general allegations regarding misrepresentations made during contract negotiations do not comply with rule 9(b).

      B.      Allegations of misrepresentations contained in the signed contract.

Synergy also alleges that misrepresentations contained in the royalty contract itself constitute fraudulent inducement. The counterclaim asserts that the royalty contract states that "HealthBanc 'represents and warrants that it is the sole and exclusive owner of the entire rights, title and interest, including without limitation all patent, trademark, copyright and other intellectual property rights, in and to' the Specified Greens Formula." [Docket 25, ¶ 26]. In addition, the contract allegedly provides that "HealthBanc 'represents and warrants that it has the right to provide the Greens Formula to Synergy on an exclusive basis.'" [Docket 25, ¶ 27]

But these allegations regarding the contents of the signed contract cannot be evidence of a fraudulent representation that induced Synergy to sign the contract. The tort of fraudulent inducement requires a fraudulent communication that precedes the signing of the contract. Otherwise, there can be no causal link between the fraudulent communication and the act of entering into the contract.[1]

Although the contract language that Synergy complains about likely existed in drafts before the contract was signed, Synergy fails to allege the necessary particulars of this process. For example, the counterclaim does not reveal whether an agent of HealthBanc drafted this language with the intent to fraudulently induce Synergy to enter into the contract. Nor does the

---

[1] Moreover, if Synergy wishes to assert a theory of fraud based upon the alleged warrantees contained in the royalty contract rather than a fraud in the inducement claim, it must contend with the economic loss rule that it raises in its motion to dismiss HealthBanc's cause of action for fraud. [Docket 45].

complaint allege that an agent of Synergy read the draft language; that the language caused the Synergy agent to falsely believe that HealthBanc owned patent, copyright, or trademark rights to the greens formula; or that this false belief caused the Synergy agent to sign the final royalty contract. Absent allegations regarding the "who, what, when, where and how" of the drafting process that resulted in the final contract, Synergy has failed to plead with particularity a fraudulent misrepresentation that allegedly induced it to enter the agreement.[2] *See Bluecross*, 472 F.3d at 726–27.

    C.    Allegations of harm.

Finally, HealthBanc argues that Synergy's allegations of harm do not meet the heightened pleading requirements of rule 9(b). Because rule 9(b) only requires particularity regarding "the circumstances constituting fraud," there is some question as to whether this heightened pleading standard applies to allegations of harm resulting from the fraud. *See Rezin v. Barr* (*In re Barr*), 188 B.R. 565, 570 (Bankr. N.D. Ill. 1995) ("[I]t is not necessary that a plaintiff plead each element of fraud, so long as the circumstances constituting fraud have adequately been set forth."). The Tenth Circuit, however, has held that that the particularity requirement of rule 9(b) requires a party alleging fraud to "set forth the time, place and contents of the false representation . . . *and the consequences thereof*.'" *Koch v. Koch Indus.*, 203 F.3d 1202, 1236

---

[2] The court also notes an inconsistency between the allegations contained in Synergy's counterclaim for fraudulent inducement and the arguments it advances in its motion to dismiss HealthBanc's claims for trade secret violations. In its counterclaim, Synergy alleges that HealthBanc's representations in the contract were false because "HealthBanc owned no intellectual property rights" to the greens formula. [Docket 25, ¶ 52]. But in its motion to dismiss HealthBanc's causes of action for trade secret violations, Synergy argues that HealthBanc transferred its trade secret right to the greens formula to Synergy. [Docket 45, 50].

(10th Cir. 2000) (emphasis added). This court, therefore, applies the rule 9(b) standard to Synergy's allegations of harm resulting from the allegedly fraudulent misrepresentations.

Synergy's allegations of harm do not meet this standard. Synergy asserts in its counterclaim that it "was harmed" and that it "incurred costs, expenses, and attorneys' fees as a result of HealthBanc's misrepresentations." [Docket 25, ¶¶ 55, 56]. Absent more definite allegations regarding the harmful consequences of entering into the royalty contract, these assertions do not meet rule 9(b)'s particularity requirement.

D. Dismissal is without prejudice.

Because Synergy has not pled its fraudulent inducement cause of action with particularity, it is hereby dismissed. Synergy argues that such a dismissal should be without prejudice. Because HealthBanc does not oppose granting Synergy an opportunity to amend its counterclaim, *see* FED. R. CIV. P. 15(a)(2), and because the fault in Synergy's pleading lies in the lack of particularity rather than a legal impediment to the validity of the cause of action as pled, the dismissal is without prejudice. Synergy has leave from the court to amend the fraud in the inducement cause of action contained within its counterclaim within 15 days of the date that this order is filed.

## II. The Economic Loss Rule

HealthBanc also argues that Synergy's fraudulent inducement cause of action is barred by the economic loss rule. Under Utah law, "[t]he economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care." *Reighard v. Yates*, 285 P.3d 1168, 1176 (Utah 2012) (citation omitted). "Thus, 'when a conflict arises between parties to a

contract regarding the subject matter of that contract, "the contractual relationship controls, and parties are not permitted to assert actions in tort in an attempt to circumvent the bargain they agreed upon." ' " *Id.* (citation omitted).

There appears to be no binding precedent, however, on the question of whether Utah's economic loss rule applies to a fraudulent inducement claim. Utah courts have not squarely addressed this question. *See Donner v. Nicklaus*, 778 F.3d 857, 873–75 (10th Cir. 2015). Moreover, the federal courts are in disagreement as to the status of Utah law on this point. The United States District Court for the District of Utah has found on several occasions that the economic loss rule does not apply to fraudulent inducement claims under Utah law. *DeMarco v. LaPay*, No. 2:09-CV-190 TS, 2012 WL 3597540, at *2 (D. Utah Aug. 20, 2012) ("a claim for fraud in the inducement is not barred by the economic loss rule in Utah."); *MP Nexlevel, LLC v. Codale Elec. Supply, Inc.*, No. 2:08-CV-0727 CW, 2010 WL 1687985, at *4 (D. Utah Apr. 26, 2010) ("[C]laims arising from pre-contract misrepresentations are not barred by the economic loss rule"); *Worldwide Mach., Inc. v. Wall Mach., Inc.*, No. 2:06-CV-130DS, 2006 WL 2666411, at *4 (D. Utah Sept. 12, 2006) ("It is fundamental . . . that a claim for fraud in the inducement cannot be barred by the economic loss doctrine."); *Associated Diving & Marine Contractors, L.C. v. Granite Const. Co.*, No. 2:01-CV-330 DB, 2003 WL 25424908, at *7 (D. Utah July 11, 2003) ("A claim for fraud in the inducement cannot be barred by the economic loss doctrine."). But the Tenth Circuit disagrees. It recently held that the economic loss rule applies to fraudulent

inducement claims under Utah law. *Donner*, 778 F.3d at 873 ("Utah courts have not confined the economic loss doctrine to wrongdoing taking place after entry into a contract.").[3]

Given that that the status of Utah law on this point remains in doubt, and because the court dismisses the fraudulent inducement cause of action without prejudice, the court declines to rule on HealthBanc's argument that Utah's economic loss rule bars Synergy's fraudulent inducement cause of action. If Synergy is able to successfully plead this cause of action at a future date, this court can revisit the issue or certify the question to the Utah Supreme Court for resolution.

## CONCLUSION

Synergy has not adequately pled its fraudulent inducement cause of action. Accordingly, the court hereby GRANTS HealthBanc's motion to dismiss this counterclaim. (Docket 31). The dismissal is without prejudice. Synergy has leave from the court to amend the fraud in the inducement cause of action contained within its counterclaim on or before October 7, 2016.

Signed September 22, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[3] At the hearing on this motion, it appeared that counsel for Synergy was aware of the *Donner* opinion, but did not cite it in Synergy's brief when it raised the fraudulent inducement exception. The court recognizes that the question of whether *Donner*'s holding regarding the status of Utah law binds this court is a difficult one. But citing *Donner* and addressing its holding would have been the better option for counsel.