# EXHIBIT 1

# ROYALTY AGREEMENT

This ROYALTY AGREEMENT (this "Agreement") is made and entered into as of the 20th day of September 2006, by and between Synergy WorldWide, Inc., a Utah corporation ("Synergy") and HealthBanc International, LLC. a New Hampshire Limited Liability Company ("HealthBanc").

## Recitals

A.      Synergy is in the business of manufacturing, marketing and selling numerous consumer products and services, including nutritional, skin, and personal care products;

B.      HealthBanc has expertise in the development of nutritional products and has developed an exclusive formula known as Greens Formula (the "Greens Formula").

C.      Synergy desires to purchase from HealthBanc the Greens Formula as defined in Exhibit A, and Exhibit B and HealthBanc desires to supply the Greens Formula exclusively to Synergy, pursuant to the terms and conditions set forth below in this Agreement.

D.      If it becomes necessary to make a change to the formula to enter various countries, wherein Synergy may sell this product, both Synergy and HealthBanc will work together to facilitate changes to the product.

## Agreement

Accordingly, in consideration of mutual promises and other good and valuable consideration between the parties, HealthBanc and Synergy herby enter into an agreement as follows:

1.      Assignment and Transfer of Rights. In consideration of the sum of $1.00 payable by Synergy to HealthBanc upon the execution of this Agreement, HealthBanc hereby transfers and assigns to Synergy and its successors and assigns, HealthBanc's entire rights, title, and interest in and to the Greens Formula, including, without limitation, all patent rights and other intellectual property rights of any kind, and all registrations that may be granted therefor and renewals thereof under the laws now or hereafter in force and effect in the United States of America and any other country or countries.

2.      Sale or Promotion of the Greens Formula. HealthBanc has created some promotional materials, specifically in the form of a CD. Upon approval of Synergy, which will not be unreasonably withheld, HealthBanc may distribute these CD's. HealthBanc hereby represents and warrants these are completely and solely responsible for any promotional materials which they create. HealthBanc agrees to indemnify Synergy against any and all claims whatsoever arising from HealthBanc's promotional materials.

DEPOSITION EXHIBIT
2
Feldman

PENGAD 800-631-6989

HBI-00001

3.    Royalty.

    a.    Synergy will pay HealthBanc a royalty on net unit sales by Synergy for Greens Formula equal to One Dollar and Seventy Five Cents ($1.75) per 150 gram bottle of the Greens Formula which is sold by Synergy. Royalty payments will be made on the twenty fifth (25th) day of each month for sales completed during the prior month. Each royalty payment shall be paid directly to the persons identified on Exhibit C as the owners of the Greens Formula. A report from Synergy summarizing royalty calculations, including gross unit sales of the Greens Formula and any deductions for returns, resulting in the net unit sales figure, will be provided by Synergy to HealthBanc with each royalty payment.

    b.    Synergy's records relating to the sales of the Greens Formula shall, upon five (5) days prior notice to Synergy, be available to HealthBanc's authorized accountant during reasonable business hours to the extent necessary to verify the correctness of the royalty payments.

4.    Consultation. In consideration of the royalty payments, HealthBanc shall provide the full benefit of their knowledge, experience and skill to render to Synergy whatever consultation services as may be reasonably required in order to research, develop and market the Greens Formula. Furthermore, HealthBanc shall provide marketing materials and other validating/credible credence to Core Greens and provide help in any legal way possible to promote the Core Greens product.

5.    Confidentiality. It is understood that Synergy and HealthBanc will keep this Agreement confidential and will not divulge its existence or its terms to anyone, except as required by law. "Confidential Information" as used in this Agreement means any and all technical and non-technical information, whether oral or written, including  but not limited to, patent, copyright, trade secret, and proprietary information, techniques, sketches, drawings, models, inventions, know-how, processes, apparatus, equipment, algorithms, software programs, software source documents, and formulae related to the current, future or proposed products and services of each of the parties or such party's suppliers and customers, and includes, without limitation, information concerning research, experimental work, development, design details and specifications, engineering, financial and pricing information, procurement requirements, purchasing, manufacturing, customer lists, business forecasts, sales and merchandising and marketing plans and information. Any and all said Confidential Information developed by HealthBanc or Synergy or disclosed by HealthBanc or Synergy to each other shall likewise be kept in the closest confidence by the parties, absent a written agreement to the contrary, unless the Confidential Information is public knowledge or becomes public knowledge without the fault of the party not owning the Confidential Information.

2

Jun 06 15 11:32a      BFeldman              603-585-3037          p.3

6.   Representations and Warranties of HealthBanc.

    a.   HealthBanc is an entity duly organized, and is validly existing, under the laws of the state in which it is originally organized.

    b.   HealthBanc possesses all requisite power and authority to enter into this Agreement and to carry out its terms, covenants and conditions, and HealthBanc is not required to give notice to or obtain consent from any person in connection with HealthBanc's performance under this Agreement.

    c.   There is no action, suit or proceeding pending or threatened against or affecting HealthBanc or the Greens Formula in any court of law or equity or before any other governmental agency and HealthBanc has no knowledge of any notice challenging legality, validity, use or ownership of the Greens Formula.

    d.   HealthBanc hereby represents and warrants that it is the sole and exclusive owner of the entire rights, title and interest, including without limitation all patent, trademark, copyright and other intellectual property rights, in and to the Greens Formula, as identified in Exhibit A and Exhibit B attached hereto and incorporated herein by this reference, free and clear of all liens, claims or encumbrances.

    e.   HealthBanc hereby represents and warrants that it has the right to provide the Greens Formula to Synergy on an exclusive basis.

    f.   HealthBanc represents and warrants that it will not disclose any Confidential Information or trade secrets to Synergy which it may have obtained from any other person or entity, which would be in violation of an agreement, understanding, relationship or contract with that other person or entity. In the event that there is such disclosure, which HealthBanc knew or reasonably should have known after due inquiry was unauthorized, HealthBanc shall hold Synergy harmless and will indemnify Synergy with respect to any judgments made against it, or amounts paid by Synergy in settlement of a claim made, with regard to any unauthorized disclosure or use of said confidential information or trade secrets.

7.   Representations and Warranties of Synergy. Synergy represents and warrants that it has the full authority and right to enter into this Agreement under the terms indicated, and that there are not other contracts, agreements or understandings that are inconsistent or contrary to this Agreement.

8.   Good Faith Understanding. The parties agree to maintain good faith, loyalty and mutual respect towards each other during the course of this Agreement.  If this Agreement is terminated for any reason, the parties shall part amicably and with mutual trust and respect, will not disparage each other, and will continue to

HBI-00003

maintain the terms of confidentiality provided in the present Agreement thereafter.

9.   Termination. This Agreement shall terminate upon the mutual agreement in writing, by both parties or upon the occurrence of a material breach by either party together with the failure to cure the breach within thirty (30) days after receipt of written notice of the breach. ~~This Agreement can be terminated by either party with thirty (30) days advance written notice.~~

10.   Indemnification. HealthBanc will defend, indemnify and hold Synergy harmless from any claims or demands that may be made on Synergy based on claims that its manufacture, distribution or sale of Greens Formula violates the rights of a third party. Synergy has the right to set-off any amounts payable by Synergy to HealthBanc under this Agreement or any other agreement in the event that HealthBanc breaches the provisions of this Section.

11.   Miscellaneous.

a.   Entire Agreement; Assignment. This Agreement along with the Confidential Information and Non-Disclosure Agreement dated November 18, 2005, constitute the entire agreement between the parties with respect to the subject matter described herein. This Agreement shall be binding and inure to the benefit of the parties, their successors and assigns. Neither party may assign its rights or delegate its duties under this Agreement without prior written consent of the other, which consent shall not be unreasonably withheld.

b.   Governing Law. This Agreement shall be construed according to and governed by the laws of the State of Utah. Any litigation relating to this Agreement shall be conducted in the courts within the State of Utah. All notices or other communications are to be given by either party to the other to the addresses as listed in Section 10(e) of this Agreement, unless a later address is provided.

c.   Not Partner nor Agent. Nothing in this Agreement is intended to, or should be construed to, create a partnership, agency, joint venture or employment relationship. HealthBanc may not make any representations on behalf of Synergy, or enter into any contract or commitment for Synergy, unless specifically authorized in writing by Synergy.

d.   Attorney's Fees; Costs. If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, either through a court of law or arbitration, the prevailing party shall be entitled to recover, as an element of the costs of suit and not as damages, reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled. The prevailing party will be entitled to recover

4

HBI-00004

its costs of suit or arbitration, regardless of whether such suit or arbitration proceeds to final judgment.

e.  <u>Notices</u>. Any notice or other communication required or permitted to be given under this Agreement shall be in writing, shall be delivered by hand or overnight courier service, by certified mail, postage prepaid, or by facsimile, and will be deemed given upon delivery, if delivered personally, one business day after deposit with a national courier service for overnight delivery, or one business day after transmission by facsimile with confirmation of receipt, and three days after deposit in the mails, if mailed to the following addresses:

If to Synergy:

Synergy WorldWide, Inc. – Legal Department
Attn: Denise B. Bird
75 East 1700 South
Provo, UT 84606
Facsimile: (801) 342-4606

If to HealthBanc:

HealthBanc International LLC
Attn: Bernard Feldman
38 Keene Avenue
P.O. Box 277
Fitzwilliam NH 03447

f.  <u>Construction of Agreement</u>. If any provision of this Agreement, or the application thereof, will for any reason and to any extent be invalid or unenforceable, the remainder of this Agreement and application of such provision to other persons or circumstances will be interpreted so as reasonable to effect the intent of the parties hereto.  The parties further agree to replace such void or unenforceable provision of this Agreement with a valid and enforceable provision that will achieve, to the extent possible, the economic, business and other purposes of the void or unenforceable provision.

5

HBI-00005

IN WITNESS WHEREOF, Synergy WorldWide, Inc. has executed this Agreement on
this ___6TH___ day of November, 2006 and HealthBanc International, LLC has executed
this Agreement on this ___6TH___ day of November, 2006.

"Synergy"                                          "HealthBanc"

SYNERGY WORLDWIDE, INC.                    HEALTHBANC INTERNATIONAL, LLC

By: _____              By: _____
    (Name of individual signing)               (Name of individual signing)

Name: _Stephen Bunker_____             Name: _BERNARD FEIDMAN PRES_

Title: _Vice President of Finance_        Title: _PRESIDENT_____

6

## EXHIBIT A

ORIGINAL GREEN'S FORMULA

7

CONFIDENTIAL

Exhibit A

Pro Greens 22

Sample Weight of 226.25 grams

| | | |
|---|---|---|
| Wheat Grass | 60 | g |
| Kamut Grass | 50 | g |
| Barley Grass | 60 | g |
| Lemon Grass | 15 | g |
| Oat Grass | 15 | g |
| Avocado Powder | 12 | g |
| Cucumber Powder | 6.5 | g |
| Spinach | 1 | g |
| Kale | 1 | g |
| Celery | 1 | g |
| Parsley Leaf | 1 | g |
| Okra | 1 | g |
| Watercress | 0.5 | g |
| Tomato | 0.5 | g |
| Cabbage | 0.5 | g |
| Broccoli | 0.5 | g |
| Spearmint Leaf | 0.125 | g |
| Sage | 0.125 | g |
| Rosemary Leaf | 0.125 | g |
| Peppermint Leaf | 0.125 | g |
| Wintergreen leaf | 0.125 | g |
| Thyme | 0.125 | g |

CONFIDENTIAL                    NSP-HealthBanc000018

## EXHIBIT B

GREEN'S FORMULA (Proposition 65 Compliant)

8

CONFIDENTIAL

NSP-HealthBanc000019

# Nature's Sunshine Products Master Formula Report

| | | | | |
|---|---|---|---|---|
| Formula: | 74206 | Core Greens | Date: | 9/19/2006 |
| Version: | 1 | Active | Time: | 5:18:17 PM |
| | | | Page | 1 of 1 |

| Level | Ingredient | Ingredient Common / Trade Name | Usage | UOM |
|---|---|---|---|---|
| 1 | R10335 | Kamut Whole Leaf Powder 5:1 / Triticum turgidum turanicum | 35,649.0000 | MG |
| 1 | R10510 | Barley Grass (Aerial parts) / Hordeum vulgare L./ H. sativum Pres. | 12,500.0000 | MG |
| 1 | R11130 | Broccoli Powder (Flowers) / Brassica oleracea L. var. botrytis | 331.0000 | MG |
| 1 | R11410 | Cabbage Powder (Leaves) / Brassica oleracea L. var. capitata | 331.0000 | MG |
| 1 | R11455 | Avocado Fruit Powder Spray Dried / Persea americana Added 4/21/06. Synergy Core Green | 7,956.0000 | MG |
| 1 | R11460 | Okra Pod Pwd Freeze dried / Hibiscus esculentus | 663.0000 | MG |
| 1 | R11465 | Wintergreen Leaves pwd / Gaultheria procumbens | 83.0000 | MG |
| 1 | R11470 | Oat Sprout Pwd / Avena sativa | 14,945.0000 | MG |
| 1 | R11475 | Cucumber pwd Freeze dried / Cucumis sativus | 4,310.0000 | MG |
| 1 | R11675 | Celery Seed Powder / Apium graveolens L. | 663.0000 | MG |
| 1 | R14350 | Lemon Grass (Aerial parts) / Cymbopogon citratus (D.C. ex Nees) Stapf | 9,945.0000 | MG |
| 1 | R15150 | Parsley (Leaves) / Petroselinum crispum | 663.0000 | MG |
| 1 | R15400 | Peppermint (Leaves) / Mentha X piperita L. | 83.0000 | MG |
| 1 | R16150 | Rosemary (Leaves) / Rosmarinus officinalis L. | 83.0000 | MG |
| 1 | R16250 | Sage (Leaves) / Salvia officinalis L. | 83.0000 | MG |
| 1 | R16600 | Spearmint (Leaves & Flowers) / Mentha spicata L. | 83.0000 | MG |
| 1 | R16645 | Spinach Powder (Leaves & Stems) / Spinacia oleracea | 663.0000 | MG |
| 1 | R17000 | Thyme Leaves / Thymus vulgaris L. | 83.0000 | MG |
| 1 | R17030 | Tomato Fruit Powder / Solanum lycopersicum L. | 331.0000 | MG |
| 1 | R17250 | Watercress (Leaves) / Nasturtium officinale R. Br. | 331.0000 | MG |
| 1 | R17265 | Wheat Grass (Aerial Parts) / Triticum aestivum L. | 59,558.0000 | MG |
| 1 | R26575 | Kale Powder / Brassia oleracea acephala | 663.0000 | MG |

| | | |
|---|---|---|
| Gross Weight: | 150,000.00 | MG |
| Number Per Bottle: | 1.00 | EA |
| Total Weight: | 150,000.00 | MG |

Prepared By:_____   Approved By:_____

Date:_____   Date:_____

## EXHIBIT C

## OWNER INFORMATION

HealthBanc International, LLC
Attn: Bernard Feldman
38 Keene Avenue
P.O. Box 277
Fitzwilliam NH  03447

9

NSP-HealthBanc000021